IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael G. Morgan, | ) | C/A No.: 1:15-4032-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Wells Fargo & Co.; Wells Fargo Bank, | ) | |
| N.A.; and Wells Fargo Home Mortgage, | ) | |
| formerly known as Wachovia Corp., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Michael G. Morgan ("Plaintiff"), proceeding pro se, filed this complaint against Wells Fargo & Co., Wells Fargo Bank, N.A., and Wells Fargo Home Mortgage, formerly known as Wachovia Corp. ("Defendants"), seeking to enforce Defendants' alleged breach of a class action settlement. [ECF No. 1 at 1]. Plaintiff asserts the court has jurisdiction over his claims pursuant to 28 U.S.C. §§ 1331 and 1367. *Id.* Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff alleges Defendants settled a federal class action lawsuit in the Northern District of California on May 17, 2011. [ECF No. 1 at 2]. Plaintiff claims he was a member of the class "by virtue of having refinanced his primary residence in Aiken on

April 25, 2008 with a $1,300,000 pick-a-payment mortgage loan from Wachovia." *Id.* Plaintiff states Wells Fargo acquired Wachovia on December 31, 2008. *Id.* Plaintiff alleges the 2011 settlement agreement provided that each class member would receive a small payment of $178.04 and Wells Fargo agreed to offer class members mortgage modifications. *Id.* at 3. Plaintiff claims he received the $178.04 payment, but did not receive a mortgage modification. *Id.*

Plaintiff further alleges that 49 state attorney generals entered into a $25 billion settlement agreement with Wells Fargo on January 27, 2012, to correct mortgage abuse and fraud ("National Mortgage Settlement"). *Id.* Plaintiff states Wells Fargo promised to provide mortgage modifications as part of the National Mortgage Settlement. *Id.* Additionally, Plaintiff claims on January 7, 2013, the Office of the Comptroller of the Currency ("OCC") and the Federal Reserve Board ("FRB") fined Wells Fargo for mortgage abuse, and Wells Fargo agreed to modify mortgages and provide compensation to borrowers. *Id.* Plaintiff states he received a check for $800, but did not receive the promised mortgage modification. *Id.* Plaintiff alleges he met all the conditions for a loan modification, but states Wells Fargo improperly denied his application in 2013, 2014, and 2015. *Id.* at 4. Plaintiff alleges Defendants ignored the promises they made to provide mortgage modifications in the 2011 settlement, the National Mortgage Settlement, and the January 7, 2013, settlement with the OCC and FRB. *Id.* at 4–5. Plaintiff seeks monetary damages in an unspecified amount and injunctive relief. *Id.* at 6.

2

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint. Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed. R. Civ. P. 8 for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous.[1] *See Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012); *see also Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

III.    Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must

---

[1] Plaintiff is not proceeding in forma pauperis.  Therefore, 28 U.S.C. § 1915(e)(2), which allows *sua sponte* dismissal of complaints that fail to state a claim, is inapplicable.

4

allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citation omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id; see also Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (finding when the alleged federal claim is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy,'" then subject matter jurisdiction does not exist) (citation omitted).

Plaintiff alleges the court has jurisdiction over his claims pursuant to 28 U.S.C. § 1331. "[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." *Burgess v. Charlottesville Sav. and Loan Ass'n*, 477 F.2d 40, 43 (4th Cir. 1973). Therefore, a complaint must "contain allegations 'affirmatively and distinctly' establishing federal grounds 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect.'" *Id.* (citing *Cuyahoga Co. v. Northern Ohio Co.*, 252 U.S. 388, 397 (1920)). "[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not

authorize the District Court to entertain the suit." *Malone v. Gardner*, 62 F.2d 15, 18 (4th Cir. 1932).

Based on the allegations in Plaintiff's complaint, the undersigned finds that the court does not have subject matter jurisdiction to enforce the 2011 class action settlement agreement. "Enforcement of [a] settlement agreement . . . whether through award of damages or decree of specific performance . . . requires its own basis for jurisdiction." *See Kokkonen v. Guardian Life Ins. Co. Of Am*., 511 U.S. 375, 378 (1994). Unless there is some independent basis for federal jurisdiction,[2] "[t]he proper forum to enforce a settlement agreement is in state court." *Id.* at 382. In support of his complaint, Plaintiff alleges Defendants acted "in violation of his federal constitutional and statutory rights" and claims Defendants acted "under color of state law." [ECF No. 1 at 5]. Plaintiff, however, fails to plead a violation of a federal statute or constitutional provision by Defendants, nor is any type of federal question jurisdiction otherwise evident from the face of the pleading. "[F]ederal jurisdiction [does not] attach on the bare assertion that a federal right or law has been infringed or violated." *Burgess*, 477 F.2d at 43–44. The allegations in Plaintiff's complaint are insufficient to show the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly,

---

[2] Although a parties' compliance with the terms of a settlement agreement, or the retention of jurisdiction over the agreement, may be made part of a court order, *see Kokkonen*., 511 U.S. at 382, Plaintiff has not alleged any facts to show that the Northern District of California included such a provision in the referenced case.

Plaintiff fails to demonstrate an independent basis for federal jurisdiction and this case is subject to summary dismissal.[3]

III.    Conclusion

For the foregoing reasons, the undersigned recommends that the complaint be dismissed without prejudice and without issuance and service of process. The undersigned further recommends that Plaintiff's motion for a temporary restraining order [ECF No. 5] be denied as moot.

IT IS SO RECOMMENDED.

October 21, 2015                           Shiva V. Hodges
Columbia, South Carolina             United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[3] Plaintiff's complaint also fails to demonstrate sufficient facts to satisfy the requirements of 28 U.S.C. § 1332. Accordingly, the court does not have diversity jurisdiction over this matter.

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).