IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Michael G. Morgan,<br><br>    Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A. a/k/a Wells Fargo Home Mortgage a/k/a Wells Fargo Home Mortgage – San Antonio,<br><br>    Defendant. | C/A No. 1:15-4032-JFA<br><br>**ORDER** |

### I.  INTRODUCTION

Michael G. Morgan ("Plaintiff"), represented by counsel[1], has filed this suit against Wells Fargo Bank, N.A ("Defendant") seeking to enforce an alleged breach of a class action settlement. (ECF No. 12). Specifically, Plaintiff claims that Defendant has violated the terms of a class action settlement agreement by refusing to modify his $1,300,000 mortgage loan. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the Complaint in this case without prejudice and without issuance and service of process. (ECF No. 9). The Magistrate

---

[1] Plaintiff filed his original Complaint pro se, but has since retained counsel and filed an Amended Complaint.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

further opined that the Plaintiff's motion for a temporary restraining order (ECF No. 5) should be denied as moot. Plaintiff was advised of his right to object to the Report, which was entered on the docket on October 21, 2015. On November 8, 2015, Plaintiff filed an Amended Complaint along with a statement of objection to the Report. (ECF No. 12; ECF No. 13). Thus, this matter is ripe for the Court's review.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

## II.   DISCUSSION

Plaintiff objects to the Magistrate's finding that there is no federal jurisdiction in this case. Plaintiff argues that the Amended Complaint cures any jurisdictional deficiencies that were present in the Plaintiff's original Complaint. The Court agrees.

In the Report, the Magistrate applied the correct principles of law to the facts of this case and found that the Plaintiff had not invoked federal jurisdiction in his original Complaint.[3]

---

[3] In his original *pro se* Complaint, Plaintiff mistakenly tried to invoke federal question jurisdiction. Plaintiff's counsel has since filed an Amended Complaint invoking diversity jurisdiction.

However, the Plaintiff has since retained counsel and filed an Amended Complaint. Plaintiff's Amended Complaint expressly alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332, and pleads facts that show existence of that jurisdiction. Specifically, the Amended Complaint alleges that Plaintiff is a citizen of Aiken County, South Carolina, and that Defendant is a Delaware corporation with its principle place of business in California. The Amended Complaint further alleges that the matter in controversy—a $1,300,000 mortgage loan—exceeds the sum of $75,000, exclusive of interest and costs.

Because the Amended Complaint has now replaced the original Complaint, it is now this action's operative complaint. The facts to support diversity jurisdiction existed in this case from the outset, but Plaintiff's original *pro se* Complaint failed to elaborate on them. However, the facts pled in the Amended Complaint cure any jurisdictional deficiency in the original Complaint. The Amended Complaint meets the jurisdictional requirements of Section 1332.

### III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court **DECLINES** to adopt the Report and Recommendation of the Magistrate. Accordingly, the Clerk of Court is directed to authorize the issuance of a summons in this case so that the Amended Complaint may be served upon the Defendant. Counsel for the Plaintiff is directed to advise the Court whether or not the Plaintiff's *pro se* motion for a temporary restraining order (ECF No. 5) is now moot.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

April 1, 2016                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge